UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN HAMMLER, CDCR No. F-73072,<br><br>                              Plaintiff,<br><br>v.<br><br>SCOTT KERNAN, DANIEL PARAMO, P. CORTEZ, J. DIES, NEVAREZ,<br><br>                              Defendants. | Case No.: 18-cv-1170-DMS-NLS<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO REOPEN TIME TO APPEAL** |

Pending before the Court is Plaintiff Allen Hammler's motion to reopen the time to file an appeal. For the following reasons, the motion is denied.

**I.**

**BACKGROUND**

Plaintiff filed this action on June 4, 2018, alleging civil rights violations by state correctional officers. (ECF No. 1.) Plaintiff filed a First Amended Complaint on November 13, 2018. (ECF No. 10.) On December 10, 2018, this Court dismissed Plaintiff's First Amended Complaint for failure to state a claim and as frivolous. (ECF No. 11.) On January 2, 2019, Plaintiff filed a motion for reconsideration, which the Court denied on May 6, 2019. (ECF No. 15.) On March 19, 2020, Plaintiff filed a notice of appeal to the Ninth Circuit. (ECF No. 16.) On April 23, 2020, the Ninth Circuit dismissed

Plaintiff's appeal for lack of jurisdiction, on the grounds that "the notice of appeal, dated March 15, 2020 and filed on March 19, 2020, was not filed or delivered to prison officials within 30 days after the district court's judgment entered on December 10, 2018 or the post-judgment order entered on May 7, 2019." (ECF No. 19.) The Ninth Circuit further stated it could not construe the statement in Plaintiff's notice of appeal that he did not receive the district court's post-judgment order as a motion to reopen the time to appeal because such a motion would be untimely. (*Id.*) On June 3, 2020, Plaintiff filed the present motion to reopen the time to appeal. (ECF No. 21.)

## II.

## DISCUSSION

Rule 4 of the Federal Rules of Appellate Procedure ("FRAP"), as applied to civil appeals, is "both mandatory and jurisdictional." *United States v. Sadler*, 480 F.3d 932, 937 (9th Cir. 2007). Rule 4(a) provides the framework for a district court to consider a motion for reopening the time to file an appeal. In general, notices of appeal must be filed within 30 days of entry of judgment. Fed. R. App. P. 4(a)(1)(A). Motions for extension of time to file an appeal must also be filed within 30 days of entry of judgment. Fed. R. App. P. 4(a)(5)(A)(i).

A district court may, however, reopen the time to file an appeal, pursuant to Rule 4(a)(6), which provides:

> The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:
> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the judgment or order sought to be appealed within 21 days after entry;
> (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
> (C) the court finds that no party would be prejudiced.

Plaintiff argues the Court should reopen the time to file an appeal because he never received a copy of the Court's May 6, 2019 post-judgment order denying his motion for reconsideration. (ECF No. 21 at 2.) Plaintiff states he only became aware of the Court's May 6, 2019 ruling through a January 2020 filing in another case, and subsequently filed a notice of appeal on March 19, 2020. (*Id.*)

Although the Court may reopen the time to file an appeal beyond the 30-day deadline set forth in Rule 4(a)(1)(A), it may only do so within the limitations prescribed by Rule 4(a)(6). As noted, Rule 4(a)(6) provides three conditions—and "all of the … conditions" must be "satisfied." Fed. R. App. P. 4(a)(6). Under Rule 4(a)(6)(B), a motion to reopen the time to appeal must be "filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier." Fed. R. App. P. 4(a)(6)(B). Here, Plaintiff's motion was not filed within 180 days after the post-judgment order was entered, which would be the "earlier" of the two deadlines if he indeed failed to receive notice. *See id.* Plaintiff filed the present motion to reopen time to appeal on June 3, 2020, more than a year after the Court's May 6, 2019 post-judgment order denying reconsideration. Therefore, even if Plaintiff could meet the lack of notice requirement under Rule 4(a)(6)(A), his motion to reopen the time to appeal is untimely pursuant to Rule 4(a)(6)(B), as the Ninth Circuit noted in dismissing Plaintiff's appeal. (*See* ECF No. 19.)

Because Plaintiff's motion was not filed within the timeline set forth by Federal Rule of Appellate Procedure 4(a)(6)(B), it is untimely. Accordingly, Plaintiff's motion to reopen the time to appeal is denied.

## III.

## CONCLUSION AND ORDER

For the foregoing reasons, Plaintiff's motion is denied.

**IT IS SO ORDERED.**

/ / /

/ / /

3

18-cv-1170-DMS-NLS

1  Dated:  December 8, 2020

Hon. Dana M. Sabraw
United States District Judge